Judge Logan
delivered the opinion of the court.
This is a suit in chancery, with injunctions upon the fob lowüng case: — Lewis sold Martin the tract of land on which be resided, and executed his bond for the conveyance with a general warranty, representing it as containing 625 acres —delivered possession, and caused it to be surveyed, when it was ascertained that the tract as conveyed by him contained only 542 acres.
For the land thus surveyed, he executed a deed, and gave his bond for the conveyance of another hundred acres in lieu of the deficiency. The deed and bond were exqcu- *103 led in February, 1812; and in May, 1814, he executed a deed for the 100 acres also, and took up his bond for the same.
A contract uncler, sea!« \tself, unless by accident or "he trueTa-greement. if so, chancery „vide ante! Bacon’s adm. vs- Bac®£ & u“ pa'
Suits were instituted for the recovery of $1400, part of the purchase money, and judgment confessed with a reservation of equity.
The grounds assumed in the bill for the relief sought, are—
1. That the contract was for 800 acres, 625 represented as patented, and 175 granted by certificate to one Graham, which the defendant promised to procure for the complainant, and as soon as the state price was paid, to make him a deed with general warranty therefor.
2. That being indisposed when the land was surveyed, he did not attend; and finds that 50 acres of wood land; part of his purchase, was not included, and also a valuable spring. And
3. That about 200 acres, part of his improvement, is covered by M’Clurg’s military survey,-of superior dignity.
As to the first ground, the 175 acres forms no part of the contract as reduced to writing. And under the circumstances of this case cannot be admitted to affect the Writing. A contract under seal must be tested by the Writing. It cannot be supplied, added to, or explained by parol evidence; and whenever reduced to writing, presupposes that every thing intended as an obligatory part thereof, has been inserted, unless it is clearly shewn that the writing has been fraudulently or accidentally so drawn as' not to express the true agreement of the parties: otherwise contracts intended to be most explicit and certain, by com-miitingthemto writing, will be liable to all the uncertainty arising from the vague impressions of witnesses; of various propositions between the parties whilst treating on the subject.. And even those things which had been omitted; because they formed insuperable objections to the contract, might, in this manner, be introduced as an important link in the consummation Of the bargain.
In the present case it was intentionally omitted. The vendor would not, as the complainant himself states, consent to insert it as a part of the contract. It is not pretended as forming a material inducement to the agreement. The land was not shown to him. Its value is not charged.
Although fraud constitutes proper ground for relief, even against an agreement tested by the writing of the parties; *104 yet what, in this instance, has been either fraudulent!/ omitted or inserted in the writing? and why the omission* if any? Because the defendant objected, and the complainant preferred the contract, even as committed to writing, rather than not to take it as it was? But surely, after reviewing the deeds, and giving up the bonds, without seeming to pretend any claim at the time to this as an essential part of the'contract, for upwards of two years after making the bargain, must present a very feeble foundation for the interposition of a court of chancery.
II. With respect to the exclusion of 50 acres, part of Lewis’s tract, we conceive but little more weight is due.
The contract was for the tract or parcel of land, containing 625 acres, on which Lewis then resided; but a part of which he had previously sold and given his bond for. Whether any boundary was shown or information given to the complainant, of the sale of this 50 acres, does not appear from the evidence: And whatever might be the effect of the deficiency in the tract from the description given of it and the sale of the 50 acres, becomes unncessary to inquire, since we are of opinion, that the subsequent agreement to receive the deed for 542 acres, and take the bond of the appellee for 100 acres in lieu of the deficiency, is, under the circumstances, obligatory and concludes the complainant on the subject. The fraud imputed in this transaction, is not supported by evidence. The proof, in fact, repels the charge. The line as run was represented by the surveyor to the complainant on the ground; and the complainant was present when the line excluding the spring in the bill referred to was run.
The acceptance of the deed, therefore, for the 542 acres, and the bond for 100 acres, was done under circumstances which preclude the just interposition of chancery. But it is not even shown that the 100 acres is of inferior value to the 50 acres and the deficit under the quantity of 625 acres. What, then, is the just ground of complaint on this score? Nothing that we can perceive.
III. The next ground assumed, is the interference of M’Clurg’s claim.
Upon this ground, there was considerable room for the belief, that nearly 2Ó0 acres of the complainant’s purchase was covered by the superior claim of M’Clurg. The evidence in relation to the running of lines, supposed to be M’Clurg’s, conduced very strongly to that impression. But *105 the trial in an. ejectment, in the federal court, eventuated favorably to the defendant upon those claims: And from a comparison of the patent calls of M’CIurg with the evidence and objects, we are inclined to think, so far as we are able, without a connection of the claims, to form an opinion at all, ,that the land in contest will not fall within the patent calls of M’CIurg. The mistake has measurea-bly been produced from the survey of Burwell Jackson, which was probably intended for M’CIurg; but which ovas made some years before M’Clurg’s, recited in his patent, and evidently containing different calls and comprehending different land in part. The decree must be affirmed with costs and damages on the damages.
Hughes for appellant, Bibb and Hardin contra.